## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON PUGH,<br><br>        Plaintiff,<br><br>v.<br><br>BERKS COUNTY BOARD OF ELECTIONS,<br><br>        Defendant. | Civil Action No. 2:25-CV-03267 |

### NOTICE OF CONSTITUTIONAL CHALLENGE OF STATUTE

TO:    Pennsylvania Attorney General David Sunday
        Office of Attorney General, Civil Litigation Section
        15th Floor, Strawberry Square, Harrisburg, PA 17120

        VIA U.S. Mail and E-mail: oag-civilservice@attorneygeneral.gov

        **PLEASE TAKE NOTICE** under Rule 5.1 of the *Federal Rules of Civil Procedure* that the Plaintiff raised as-applied constitutional challenges in the Civil Complaint in this 42 U.S.C. § 1983 action to Section 1405 of the Pennsylvania Election Code (25 P.S. § 3155). A true and correct copy of the Civil Complaint is attached.

        Respectfully submitted

        **CORNERSTONE LAW FIRM, LLC**

Dated: July 2, 2025    By:    /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        Attorney I.D. #321966
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875
                                        joel@cornerstonelaw.us

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I submitted the foregoing, together with a copy of the Civil Complaint in this case, to Pennsylvania Attorney General David Sunday, by electronic mail to oag-civilservice@attorneygeneral.gov and by depositing copies thereof in the United States Mail, first class, postage prepaid, addressed as follows:

Pennsylvania Attorney General David Sunday
Office of Attorney General, Civil Litigation Section
15th Floor, Strawberry Square, Harrisburg, PA 17120

Respectfully submitted,

_____
Kandy Kistler, Paralegal

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON PUGH,<br>    Plaintiff,<br><br>    v.<br><br>BERKS COUNTY BOARD OF ELECTIONS,<br>    Defendant. | Civil Action No. |

## COMPLAINT

NOW COMES Plaintiff, Brandon Pugh, by and through undersigned counsel, who hereby submits this Complaint and states the following:

## PARTIES

1. Plaintiff, Brandon Pugh ("Pugh"), is an adult individual who resides in the Borough of Lyons, Berks County, Pennsylvania, and has a mailing address of 4 S. Kemp St., Lyon Station, PA 19536.

2. Defendant, Berks County Board of Elections ("County Board" or "Board of Elections"), is a unit or department of the Berks County Government created and regulated by the Pennsylvania Election Code, inclusive of 25 P.S. §§ 2641-51, as well as Title 25 of the Pennsylvania Consolidated Statutes. The County Board consists of the elected county commissioners during the years they are not candidates for public office. 25 P.S. § 2641(b)-(c). Under 25 P.S. § 2645(a)-(b), the Board of Elections holds public sessions at the Berks County Services Center, 633 Court Street, Reading, PA 19601, and is generally funded by the Berks County Board of County Commissioners. The latter is vested with the corporate powers of the Berks County Government as a body corporate. 16 Pa.C.S. §§ 12106-07.

1

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with the Commonwealth of Pennsylvania and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notices of fair play and substantial justice.

5. Venue is properly brought in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant conducts business in this judicial district and because a substantial part of the acts, omissions, or both, occurred in this judicial district.

**GROUNDS FOR RELIEF**

6. The forgoing paragraphs are incorporated by reference as if set forth herein.

7. In Berks County, the Board of Elections is vested with discretion to conduct primaries and elections and to implement procedures intended to ensure honesty, efficiency, and uniformity. 25 P.S. §§ 2641(a), 2642(g). The members of the Board of Elections took an oath of office to support, obey, and defend the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania and to discharge the duties of their office with fidelity.

8. Under the Pennsylvania Election Code ("Election Code"), a Municipal Primary was scheduled to be held on May 20, 2025, and a Municipal Election is scheduled to be held on November 4, 2025.

9. Under the Election Code, a "Closed Primary" is regularly conducted throughout the Commonwealth of Pennsylvania, where electors must be enrolled in the political party where offering to vote for nominees of that party for public office. 25 P.S. § 2812.

10. The statute of 25 P.S. § 2882 reads in pertinent part, "Candidates of the various political

parties for nomination, except for the office of President of the United States, who receive a plurality of votes of their party electors in the State, or in the political district, as the case may be, at the primary election . . . shall be candidates of their respective parties, and it shall be the duty of the proper county boards to print their names upon the official ballots and ballot labels at the succeeding election . . ."

11. The duties imposed by law on the Board of Elections include computing and canvassing all votes cast within primaries conducted in Berks County and to declare publicly and certify the results to the Pennsylvania Secretary of State. 25 P.S. §§ 2881, 3154.

12. The Borough of Lyons ("Borough" or "Lyons Borough") is a body politic and corporate situated in Berks County, Pennsylvania, which geographically consists of roughly 0.4 square miles. From the 2020 U.S. Census, the Borough had a population of 439 individuals.

13. From the Board's most recent Certification under Section 302(m) of the Election Code (25 P.S. § 2642(m)), the Borough of Lyons had a total of 288 registered electors, including 118 enrolled in the Democratic Party and 122 enrolled in the Republican Party.

14. Pugh is, and at all relevant times was, a registered elector of the Borough of Lyons and enrolled in the Republican Party. Pugh is a Member of Council of the Borough of Lyons.

15. On May 20, 2025, the Board of Elections, together with the district election boards,[1] conducted a Municipal Primary Election (the "Primary Election"), and the Official Republican Municipal Primary Ballot included public offices in the Borough of Lyons for Mayor, Member of Council, and Tax Collector.

16. No candidate had filed nomination petitions with the Board of Elections for the office of

---

[1] District election boards are created by Article VII, Section 11, of the Pennsylvania Constitution and further regulated by the Pennsylvania Election Code.

3

Mayor in the Borough of Lyons in order to be placed on the Official Republican Municipal Primary Ballot for the Primary Election.

17. In circumstances where no candidate files nomination petitions to be placed on an official primary ballot for a public office, that is colloquially known as the "Empty Primary."

18. On May 20, 2025, Pugh conducted a write-in campaign for the office of Mayor of Lyons Borough in the Republican Primary and received five write-in ballots from Republican electors, of which one of those ballots was cast by Pugh himself. Pugh received the highest plurality of votes cast for such public office in the Republican Primary.

19. The Election Code refers to "irregular ballots" for what are colloquially known as "write-in ballots," where an elector may write-in the name of a candidate. See 25 P.S. § 3155.

20. Section 1405 of the Election Code is unofficially published in *Purdon's Pennsylvania Statutes* at 25 P.S. § 3155. Under that statute, "In the primary the county board shall not certify the votes cast on irregular ballots for any person for a justice of the peace, constable, National, State, county, city, borough, town, township, ward, school district, election or local party office unless the total number of votes cast for said person is equal to or greater than the number of signature required on a nomination petition for the particular office." Id. (last sentence).

21. Under the Election Code, a nomination petition for the office of Mayor of the Borough of Lyons required a minimum of 10 signatures of registered electors who are enrolled members of a political party. 25 P.S. § 2872.1(36).

22. In the aforementioned Republican Primary, exactly nine write-in ballots were cast for the office of Mayor of Lyons Borough as follows:

  Brandon Pugh  5

  Pugh    1

      Meggin Reed        1

      Alex Darlington    1

      Leonard J. Haring   1

23.    In the aforementioned Republican Primary, Pugh did not receive a minimum of 10 write-in ballots for the office of Mayor of Lyons Borough in accordance with Section 1405 of the Election Code.

24.    On May 30, 2025, and in respect of the office of Mayor of Lyons Borough, Pugh filed with the Board of Elections a Petition to Cumulate or Identify Write-In Votes and to be Certified as and Declared the Republican Nominee ("Petition" or "Pugh's Petition"). In the Petition, Pugh requested the Board of Elections to cumulate his five write-in ballots for the office of Mayor of the Borough of Lyons and that he be certified as and declared the Republican nominee for that office notwithstanding Section 1405 of the Election Code.

25.    Pugh additionally cited legal authorities and contended in the aforementioned Petition that the enforcement of Section 1405, as applied to the facts and circumstances of Pugh's write-in candidacy for Mayor of Lyons Borough, violated the First and Fourteenth amendments of the U.S. Constitution.

26.    Pugh's Petition fairly put the Board of Elections on notice of his contentions under the U.S. Constitution.

27.    On June 6, 2025, the Board of Elections held a Special Meeting and, among other public business there and then, granted in part and denied in part Pugh's Petition. The County Board granted such Petition to the extent of cumulating Pugh's five write-in ballots, thereby formally acknowledging that he received five votes in the Republican Primary for the office of Mayor of Lyons Borough. But, acting on Section 1405 of the Election Code, the County Board denied such

5

Petition to the extent of Pugh's request to be certified as and declared the Republican nominee for such public office. During the same Special Meeting, the Board of Elections then certified the results of the Primary Election, showing that no one was nominated in the Republican Party for the office of Mayor of Lyons Borough.

28. In the conduct of primaries within Berks County, the Board of Elections regularly follows Section 1405 of the Election Code (25 P.S. § 3155) as a matter of official policy.

29. The Election Code allows political parties to choose substitute nominees after a Municipal Primary under party rules, 25 P.S. § 2939, but sets forth no process for nominating a candidate for public office if no one was nominated within a Primary Election.

30. In the Official Results of the May 20, 2025, the Board of Elections disclosed that Lyons Borough had approximately 32.29% voter turnout, consisting of 33.61% Republican turnout (41 ballots cast out of 122 electors) and 39.83% Democratic turnout (47 ballots cast out of 118 electors).

31. If, after a Municipal Primary, a write-in candidate does not timely file with the Board of Elections a petition to cumulate or identify write-in votes, then the Board regularly uses computer software that will automatmically cumulate write-in ballots if the same perfectly matches the name of the candidate as shown on the voter registration roll on file with the Board and the requirements of Section 1405 of the Election Code are satisfied. In those circumstances, the Board of Elections will then certify the official results of the Municipal Primary and afterwards send a nomination acceptance packet to write-in candidates who were so certified.

32. On June 12, 2025, the Board of Elections publicly announced on its website that write-in candidates who were certified as the nominees of their political party in the Primary Election, intending to accept such nomination, must submit an acceptance packet to the Board on or before

July 7, 2025.

33. But for the enforcement by the Board of Elections of Section 1405 of the Election Code, Pugh is eligible to have his name placed on the official ballot for the office of Mayor of the Borough of Lyons for the Municipal Election scheduled on November 4, 2025.

34. Based on the foregoing, the Defendant acted under color of State law and deprived Pugh of rights, privileges, or immunities secured by the Constitution or laws of the United States. In particular, Pugh was deprived of his rights, as a write-in candidate for the office of Mayor of Lyons Borough and as an elector enrolled in the Republican Party, under the First and Fourteenth amendments of the U.S. Constitution as applied to the facts and circumstances where, as here, (1) a Municipal Primary is conducted for a political party; (2) a write-in candidate, otherwise eligible to have his or her name placed on the official ballot, receives the highest plurality of votes cast for that same public office in the Municipal Primary but less than the threshold under Section 1405 of the Election Code (25 P.S. § 3155); (3) such candidate timely files with the county board of elections a petition to cumulate or identify write-in votes and to be certified as and declared the nominee for that same public office; and (4) the statute law affords political parties no other remedy for nominating candidates if no one was nominated within a Primary Election for such public office.

35. For as-applied constitutional challenges to Section 1405 of the Election Code, the U.S. Court of Appeals for the Third Circuit directed litigants "to wait until the votes had allegedly not been counted or certified before seeking injunctive relief." Constitution Party of Pennsylvania v. Cortes, 433 F. App'x 89, 94 (3d Cir. 2011).

36. Based on the foregoing, a ripe controversy is presented to the Court, Pugh is entitled to relief under 42 U.S.C. § 1983 and has no other adequate remedy at law.

7

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that the Honorable Court render judgment in favor of Plaintiff and against Defendant, and to grant the following relief:

(A)     Declare Section 1405 of the Pennsylvania Election Code (25 P.S. § 3155) unconstitutional as applied to the facts and circumstances of the case and enjoin the Defendant from applying that statute to the Plaintiff as to the May 20, 2025 Republican Municipal Primary for the office of Mayor of the Borough of Lyons and to certify, or to amend or correct the certification of, the results of the May 20, 2025 Municipal Primary so as to declare Plaintiff the nominee of the Republican Party for the office of Mayor of the Borough of Lyons, and to submit an amended or corrected certification to the Pennsylvania Secretary of State, and enjoin Defendant to print Plaintiff's name upon the official ballot at the succeeding Municipal Election for November 4, 2025 as the nominee of the Republican Party for the office of Mayor of the Borough of Lyons.

(B)     Entertain and, after affording the parties an opportunity to be heard, grant a request for ancillary relief under 42 U.S.C. § 1988.

(C)     Such other relief the Court deems necessary, just, or appropriate.

                                                                 Respectfully submitted

                                                                 **CORNERSTONE LAW FIRM, LLC**

Dated: June 26, 2025            By:    /s/ Joel A. Ready
                                                         Joel A. Ready, Esquire
                                                         Attorney I.D. #321966
                                                         8500 Allentown Pike, Suite 3
                                                         Blandon, PA 19510
                                                         (610) 926-7875
                                                         joel@cornerstonelaw.us